UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW VERZI**,<br><br>Plaintiff,<br><br>v.<br><br>**ZUBIE AMIN,** *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-1276-MEF-SDA<br><br>**OPINION AND ORDER**<br><br>October 29, 2025 |

**STACEY D. ADAMS**, United States Magistrate Judge.

THIS MATTER comes before the Court on a motion by Plaintiff Matthew Verzi ("Plaintiff") for Substituted Service via email and mailing. (ECF No. 7). For the reasons set forth below, Plaintiff's motion for substituted service at ECF No. 7 is **DENIED**.

### BACKGROUND

Plaintiff initiated this action by filing a complaint in the Superior Court of New Jersey on January 10, 2025 against Defendants Zubie Amin ("Zubie"), Palak Amin ("Palak"), Cyber Investigations, L.L.C. ("Cyber") and David Murphy ("Murphy") (collectively, "Defendants"). (ECF No. 1 ¶ 2). A Notice of Removal was filed by Palak in the District of New Jersey on February 14, 2025. (ECF No. 1).

This matter stems from an underlying divorce litigation between Plaintiff and Zubie. (ECF No. 7-2 ¶ 2). Plaintiff alleges that Zubie and her brother, Palak, improperly accessed Plaintiff's cell phone and private email accounts. (*Id.* ¶ 3). At or around the time of filing the divorce complaint, Zubie and Palak retained Cyber and its alleged principal, Murphy, to conduct private investigation services related to Plaintiff. (*Id.* ¶ 4). Plaintiff alleges Zubie and Palak shared Plaintiff's private emails and text messages with Cyber and Murphy. (*Id.*). The complaint asserts

multiple claims for violations of 18 U.S.C. § 2511, N.J.S.A. § 2A:156A-3, and common law predicated upon this alleged conduct. (ECF No. 1, Ex. A ¶¶ 33-67).

Zubie and Palak were both successfully served with the complaint and filed their answers. (ECF Nos. 2 and 3). At the time that Plaintiff's Motion for Substituted Service was filed, neither Cyber nor Murphy had appeared and no proof of service of the summons and complaint on these two defendants had been filed. According to Plaintiff, since initiating this action, Plaintiff retained a process server company, Status, LLC ("Status"), to serve Murphy, both personally and as principal of Cyber. (ECF No. 7-2 ¶¶ 12-13). Plaintiff describes the good faith efforts taken to serve Murphy, to no avail. (*Id.* ¶¶ 12-36). Specifically, Status attempted service at 267 Grand Avenue, Leonia, New Jersey (the "Leonia Address"), the address listed in Murphy's email signature block, identified on Cyber's website, and revealed from a Google search. (*Id.* ¶¶ 11-13, 22-25). The process server also attempted service at 364 Parsippany Road, Parsippany, New Jersey, which is another address listed on Cyber's website, again to no avail. (*Id.* ¶ 32). Finally, a third process server attempted service of Murphy at 1 Shannon Lane, Blairstown, New Jersey 07825.[1] (*Id.* ¶ 29). Despite multiple attempts, Status was unable to serve Murphy at any of the above addresses. (Certification of Nathan Rivera (ECF No. 7-3); Certification of Morayma Zorrilla (ECF No. 7-4); and Certification of Eric Banda, (ECF No. 7-5)). Further, the facts reveal that Murphy may have been present during attempted service and purposely evaded it. (*Id.*).

Accordingly, Plaintiff seeks to serve a copy of the summons and complaint on Murphy and Cyber via email at njcyberpi@gmail.com and by certified mail and regular mail at the Leonia Address, which is the last known address of both defendants. Plaintiff notes that the email address

---

[1] Cyber's website revealed that it maintained a post office box in Blairstown (ECF No. 7-2, Ex. I), and a Lexis search of Murphy indicated a possible household address in Blairstown (ECF No. 7-2, Ex. L).

2

at which he seeks to serve Murphy (njcyberpi@gmail.com) was used to successfully communicate with Murphy during the underlying divorce proceedings. (ECF No. 7-2 ¶¶ 9-11, Exs. E and J).

However, following the filing of this motion, Peter Till, Esq. entered a Notice of Appearance on May 28, 2025 without any limitations or objections on behalf of Murphy only, as an individual. (ECF No. 10 (stating, without more, "The undersigned hereby enters an Appearance on behalf of Defendant David Murphy (individually) in connection with the above captioned matter.")). No appearance was entered on behalf of Cyber. Accordingly, the only issue before the Court is whether substituted service should be permitted on Cyber, a limited liability company.

## DISCUSSION

Although Plaintiff's motion focuses on service upon Murphy individually, that issue is now moot because Till subsequently filed a notice of appearance on behalf of Murphy individually. (ECF No. 10). *See First Guar. Mortg. Corp. v. Kirkpatrick-Brooks*, No. 18-cv-14567 (SDW) (SCM), 2018 WL 6933416, at *2 (D.N.J. Dec. 14, 2018) (holding that "[m]aking an appearance in a case is the equivalent of process and service, and waives all objections to process or service, submitting the appearing defendant to such jurisdiction as the court is competent to exercise"), *report and recommendation adopted*, No. 18-14567 (SDW) (SCM), 2019 WL 113723 (D.N.J. Jan. 3, 2019); N.J. Ct. R. 4:4-6 (providing that a general appearance signed by a defendant's attorney has the same effect as if the defendant had been properly served). Further, when Plaintiff filed a letter on June 2, 2025 advising that he was not withdrawing the Motion for Substituted Service to the extent that it concerned Cyber and seemingly implying that Murphy was deemed to have appeared individually by operation of Till's notice of appearance (ECF No. 11), Till did not object. In fact, Till did not respond at all.

3

The Court therefore addresses whether alternative service on Cyber, a limited liability company, should be permitted. Federal Rule of Civil Procedure 4(h) sets forth the process for service of the initial summons and complaint on an entity and states, in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h).

Pursuant to Federal Rule of Civil Procedure 4(e)(1),

> Unless federal law provides otherwise, an individual – other than a minor, or incompetent person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made

Fed. R. Civ. P. 4(e)(1).

Pursuant to New Jersey law, personal service upon an officer or managing agent is the primary and preferred method to serve an unincorporated defendant. N.J. Ct. R. 4:4-4(a)(5). When personal service cannot be effectuated in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law

4

allows for substitute modes of service so long as the proposed form of service is "provided by court order, consistent with due process of law." *See* N.J. Ct. R. 4:4-4(b)(3).

Before seeking alternate service, an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Modan v. Modan*, 327 N.J. Super. 44, 47 (N.J. Super. Ct. App. Div. 2000). "There is no objective, formulaic standard for determining what is, or is not, due diligence. Instead . . . due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.* at 48 (citation modified). "In short, a plaintiff must generally demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (N.J. Super. Ct. Ch. Div. 2013). Due diligence does not require a plaintiff to "take every conceivable action" to find a defendant's whereabouts. *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, No. 11-cv-3062 (FSH) (MAH), 2012 WL 1884003, at *5 (D.N.J. May 22, 2012) (citations omitted). Once a plaintiff has exhibited that it exercised reasonable due diligence, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am. v. Est. of Matesic*, No. 16-cv-643 (WJM), 2016 WL 3763340, at *2 (D.N.J. July 14, 2016).

N.J. Ct. R. 4:4-4(b)(3) provides that any form of substitute service must be "consistent with due process of law." *See also Marlabs Inc. v. Jakher*, No. 07-cv-4074 (DMC) (MF), 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process). It is well-settled law that a proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

5

Here, the Court does not find that Plaintiff has exhausted all available means of serving Cyber so as to warrant alternate service at this point. The only efforts made to serve Cyber to date are various forms of personal service on Murphy. However, as a limited liability company operating in New Jersey, Cyber is required to "designate and continuously maintain in this state . . . an agent for service of process," regardless of whether Cyber is a New Jersey limited liability company or a foreign one. N.J.S.A. 42:2C-14. While Murphy may indeed be a principal of Cyber, there is nothing in the record to establish that he is Cyber's agent for service of process. Nor is there anything in the record that Plaintiff sought to ascertain Cyber's registered agent and to serve that agent. Without any attempted service on Cyber's registered agent, permitting alternate service at this time would be premature.

Further, Plaintiff's own submissions indicate there are several other principals of Cyber, notably, including owner Desiree Lemieux Murphy and principals Francis Murphy and Alex Toia. (ECF No. 7-2, Exs. C and I). Plaintiff's motion is devoid of any attempts to serve any of these three individuals on behalf of Cyber. Without attempted service on these three individuals—all of whom appear to be additional officers, managing or general agents—alternate service is not justified at this time.

## **CONCLUSION**

In short, Plaintiff's request for alternate service on Murphy is DENIED as moot as his counsel has entered a Notice of Appearance on his behalf. Plaintiff's request for alternate service on Cyber is DENIED without prejudice as premature. Plaintiff must first attempt service on Cyber's registered agent and/or on one of the alternate three principals/owners identified in the moving papers. If Plaintiff is still unsuccessful after said attempts, he may file a new motion.

## ORDER

**IT IS** on this **29th** day of **October, 2025**, hereby:

1.      **ORDERED** that Plaintiff's motion for substituted service on Defendant Murphy is **DENIED as moot**; and it is

2.      **ORDERED** that Plaintiff's motion for substituted service on Defendant Cyber is **DENIED without prejudice**; and

3.      **ORDERED** that Plaintiff shall attempt service on Defendant Cyber consistent with the process outlined in this Order within 30 days of this Order and shall either file (i) proof of service on Cyber; or (ii) a new motion for substitute service setting forth the additional steps taken to secure service on Cyber's registered agent and/or its officers and/or managing or general agents; and

4.      **ORDERED** that the Clerk of the Court terminate the motion at ECF No. 7.

**SO ORDERED.**

                                   */s/ Stacey D. Adams*
                                   STACEY D. ADAMS, U.S.M.J.