UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW VERZI,** | Case No. 2:25-cv-1276 (MEF) (SDA) |
| Plaintiff, | **OPINION** |
| v. | December 1, 2025 |
| **ZUBIE AMIN,** *et al.*, | |
| Defendants. | |

**STACEY D. ADAMS, UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Motion for Leave to File a First Amended Complaint (the "Motion") filed by Plaintiff Matthew Verzi ("Plaintiff"). (ECF No. 9). Defendants Zubie Amin ("Zubie"), Palak Amin ("Palak"), Cyber Investigations, LLC ("Cyber"), and David Murphy ("Murphy") (collectively "Defendants") have not opposed the Motion. The Court decides this Motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the Motion is **GRANTED in part and DENIED in part,** without prejudice.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey on January 10, 2025. (ECF No. 1 ¶ 2). A Notice of Removal to the District of New Jersey was filed by Palak on February 14, 2025. (ECF No. 1).

This matter stems from an underlying divorce litigation between Plaintiff and Zubie. (ECF No. 9-2, Ex. F ("Am. Compl.") ¶ 13). Plaintiff alleges that Zubie, with the assistance of her brother, Palak, improperly accessed Plaintiff's cell phone and private email accounts. (*Id.* ¶¶ 27-29). During the pendency of the divorce, Zubie and Palak retained Cyber and its alleged principal, Murphy, to conduct private investigation services related to Plaintiff. (ECF No. 9-2 ¶ 4). Plaintiff alleges Zubie

1

and Palak shared Plaintiff's private emails and text messages with Cyber and Murphy. (Am. Compl. ¶¶ 27-29).

Following the filing of the Complaint in the instant matter, Plaintiff successfully served Zubie and Palak, who subsequently filed answers. (ECF Nos. 2, 3). Plaintiff attempted to serve Murphy, both individually and on behalf of Cyber, since Murphy is identified as one of three principals on Cyber's website and Cyber's website lists the same email address, njcyberpi@gmail.com, that Murphy used to communicate with Plaintiff's counsel. (ECF No. 9-2 ¶¶ 6-7). Plaintiff retained a process server company, Status, LLC, to serve Murphy. (*Id.* ¶ 7; ECF No. 7-2 ¶¶ 12-13). After unsuccessfully attempting service, Plaintiff's counsel sent Murphy an email to njcyberpi@gmail.com requesting to coordinate a date and time for effectuating service. (ECF No. 9-2 ¶ 8). Murphy responded via email that same day, from the email address njcyberpi@gmail.com, admonishing Plaintiff's counsel to conduct his due diligence and directing him to address his concerns to the owner of Cyber. (ECF No. 9-2, Ex. E). Notably, Murphy's email communication contained a signature block with the same fax and email information listed on Cyber's website. (ECF No. 9-2 ¶ 11). This was also the same address and email listed on the Murphy Detective Agency, Inc. ("MDA") website, another business in which Murphy is a sole incorporator. (ECF No. 9-3 at 4).

After the unsuccessful attempts at service, Plaintiff filed a motion seeking substituted service on Murphy and Cyber via email, regular mail, and certified mail. (ECF No. 7). Thereafter, on May 28, 2025, Peter Till, Esq. entered a Notice of Appearance solely on behalf of Murphy as an individual.[1] (ECF No. 10). On October 30, 2025, the Court issued an order and opinion denying Plaintiff's motion as to service on Murphy as moot because his attorney entered a notice of

---

[1] Despite filing a notice of appearance over six months ago, Murphy has yet to file an Answer.

2

appearance. (ECF No. 12). The Order further denied without prejudice Plaintiff's motion for alternate service on Cyber because Plaintiff failed to attempt service on Cyber's registered agent or other principals of Cyber. (*Id.*).

Plaintiff initially filed a motion to amend the complaint on May 6, 2025, which this Court denied without prejudice for failure to comply with Judge Adams' judicial preferences. (ECF Nos. 6, 8). Specifically, Plaintiff failed to seek leave prior to filing the motion to amend and the motion did not indicate whether Plaintiff first sought the consent of the appearing Defendants. (*Id.*). On May 12, 2025, Plaintiff timely filed this motion to amend. (ECF No. 9). Plaintiff's proposed Amended Complaint seeks to add five new causes of action and two new defendants MDA and Desiree Lemieux ("Lemieux").

## LEGAL DISCUSSION AND ANALYSIS

Motions to amend filed prior to the entry of a pretrial scheduling order are governed by Fed. R. Civ. P. 15, which requires the court to "freely give leave when justice so requires." The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 1984). These factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F. 3d 140, 149-50 (3d Cir. 2017). However, the most important factor is prejudice to the non-moving party. *Id.* (citation and quotation omitted).

Applying these factors to the instant matter, the Court finds that the first four factors are easily satisfied and will only address the fifth factor of futility in detail. There is no undue delay in this amendment because Plaintiff has filed this motion prior to any initial pretrial scheduling conference, and thereby prior to any discovery, which minimizes any prejudice to Defendants. Indeed, Murphy has yet to answer. Further, there is nothing here that indicates to the Court that Plaintiff exhibited bad faith. Additionally, Plaintiff has not repeatedly failed to cure deficiencies. The fact that none of the appearing Defendants opposed this motion is further evidence that they are not prejudiced by the proposed amendment.

The final factor, however, is futility, and this is where Plaintiff's proposed amendment partially fails. The standard for assessing futility is the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). *Reardon v. New Jersey*, No. 13-cv-5363 (NLH), 2014 WL 2921030, at *6 (D.N.J. June 27, 2014) (citation and quotation omitted). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Rule 15 futility requires that the newly asserted pleading "be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Leach v. Applicant Insight, Inc.*, No. 20-cv-1533 (JMV), 2021 WL 236492, at *1 (D.N.J. Jan. 25, 2021) (quoting *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more

4

than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). The Court now separately addresses Plaintiff's request (i) to add new causes of action, and (ii) to add two new defendants.

### I. The Addition of New Causes of Action

Plaintiff's proposed Amended Complaint seeks to add five new counts including: (1) violations of 18 U.S.C. § 2701 and § 2707 (Count 11); (2) violation of N.J.S.A. 2C:21-17 (Count 12); (3) New Jersey common law malicious abuse of process (Count 13); (4) violation of 18 U.S.C. § 241 (Count 14); and (5) New Jersey common law civil conspiracy (Count 15). (Am. Compl. ¶¶ 72-88). Plaintiff alleges that these additional causes of action arise from the same series of transactions or occurrences as the original claims and are supported by the clarified relationships among the Defendants. (ECF No. 9-3 ¶ 16). The Court will allow the addition of Counts 11, 12, 13, and 15 because they are plead with sufficient plausibility.

As to Count 14 of the proposed Amended Complaint, 18 U.S.C. § 241 is a criminal statute that does not provide for a private right of action. *Shih v. Maselli, Mills & Fornal, P.C.*, No. 24-cv-6300 (ES) (MAH), 2025 WL 957680, at *5 (D.N.J. Mar. 31, 2025) (dismissing a claim alleging a violation of 18 U.S.C. § 241 on the basis that it is a criminal statute and does not give rise to a civil cause of action). Accordingly, the Court finds that this portion of the amendment would be futile.

5

## II. The Addition of New Parties

In the proposed Amended Complaint, Plaintiff also seeks to add two new defendants, MDA and Lemieux. Plaintiff mentions Lemieux and MDA in only three paragraphs each. (Am. Compl. ¶¶ 2, 3, 39, 75). Other than to identify who they are (*Id.* at ¶¶ 2, 3), the only other reference to these new defendants are in group allegations with other defendants, alleging – in conclusory fashion – that they aided and abetted in the interception, procurement of others to intercept, and dissemination of Plaintiff's electronic communications in storage (*Id.* ¶ 39) and facilitated access of Plaintiff's stored electronic communications through technical expertise and storage. (*Id.* ¶ 75). There is no explanation of what Lemieux or MDA did or how they were involved in this alleged conduct.

"A plaintiff must allege facts that 'establish each individual [d]efendant's liability for the misconduct alleged,' and mere 'conclusory allegations against defendants as a group' that 'fail[ ] to allege the personal involvement of any defendant' are insufficient to survive a motion to dismiss." *Edwards v. New Jersey*, No. 22-cv-2396, 2022 WL 3704634, at *3 (D.N.J. Aug. 26, 2022) (citing *Galicki v. New Jersey*, No. 14-cv-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015)). "Alleging that 'Defendants' undertook certain illegal acts – without more – injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-cv-01206 (SRC), 2014 WL 3809173, at *2 (D.N.J. July 31, 2014). While "[i]t may at times be appropriate and convenient for a pleading to use the short-hand term 'Defendants,'" when the Complaint named numerous defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct, Plaintiffs cannot merely state that '*Defendants* did *x*'–they must specifically allege *which* Defendants engaged in

6

what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-cv-6804 (SRC), 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). Plaintiff cannot proceed with claims against Lemieux and MDA "without making specific and plausible factual allegations as to [their] individual wrongful conduct." *Idumonyi v. Bergen Cnty. Sheriff's Dep't*, No. 20-cv-9891, 2022 WL 16969361, at *2 (D.N.J. Nov. 16, 2022).

Further, while Plaintiff's counsel's certification and brief allege a potential piercing the corporate veil, alter-ego, or joint venture theory of liability to warrant the inclusion of these new defendants, the proposed Amended Complaint is devoid of any such mention. (ECF No. 9-2 ¶¶ 13-14; ECF No 9-3 ¶ 19). To pierce the corporate veil, "a plaintiff must show that: (1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Vaswani, Inc. v. Atl. Enters. Ltd.*, No. 22-cv-00137 (BRM) (JSA), 2023 WL 4740905, at *5 (D.N.J. July 25, 2023) (citations omitted); *see also Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) (piercing the veil is appropriate "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime. . . or when the parent so dominated the subsidiary that it had no separate existence" (citations and quotations omitted)). A plaintiff must plead specific facts with respect to how the affiliated entities and individuals allegedly controlled or dominated the corporation or used the corporate form to perpetrate a fraud or injustice. *Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 427 (D.N.J. 2019). "To state a plausible alter-ego claim, a plaintiff must allege more than bare-boned allegations of undercapitalization and common control and/or management." *Richmond v. Lumisol Elec. Ltd.*, No. 13-cv-1944 (MLC), 2014 WL 1405159, at *4 (D.N.J. Apr. 10, 2014) (citations and

7

quotations omitted) "A plaintiff must affirmatively plead both the factors for alter-ego liability and the factual underpinnings supporting those factors with respect to each individual defendant." *Id.*

Plaintiff seeks to add Lemieux solely because she is an owner of Cyber which "may render her liable under theories of alter-ego or piercing the corporate veil . . ." (ECF No. 9-3 ¶ 19). However, an individual is not automatically liable for the alleged wrongful actions of a corporation simply because that individual is an owner. *See Telebrands, Corp. v. Nat'l Express, Inc.*, No. 12-cv-6671 (FSH), 2013 WL 12149727, at *3 (D.N.J. July 17, 2013) ("the mere ownership of a corporation by a single shareholder is not a sufficient reason to pierce the corporate veil, so long as the corporation's separate identity is lawfully maintained").

Rather, as set forth above, for an individual to be liable, she must have personally engaged in the unlawful conduct to perpetrate a fraud or injustice. There is not a single allegation in the proposed Amended Complaint that provides a factual basis for proceeding against Lemieux as an individual. (Am. Compl.). The mere fact that Plaintiff may need to effectuate service of the summons and complaint on Lemieux in her capacity as an owner of Cyber, does not require her to be added as a party. *See* Fed. R. Civ. P. 4(h). As such, Plaintiff's request to add Lemieux as a defendant is denied without prejudice.

Similarly, Plaintiff tries to add MDA, a distinct legal entity, because it shares an address and email with Cyber, and Murphy is the only registered agent, Board of Director, and Incorporator on the Certificate of Incorporation for MDA. (Am. Compl. ¶ 3; ECF No. 9-3 ¶¶ 11, 19). Plaintiff summarily asserts that this alone supports a claim for joint liability or alter ego status. (*Id.* ¶ 19). This is far short of what must be alleged, even at the initial pleading stage, to set forth a plausible claim against MDA. There are no allegations that Cyber was a mere instrumentality of MDA or

8

that MDA was using Cyber to engage in fraud or otherwise circumvent the law. Therefore, no plausible claim is asserted in the Amended Complaint against MDA.

Moreover, general references to Lemieux and MDA within the general group of "Defendants" is an impermissible group pleading, because Plaintiff does not allege what their specific role in the wrongful conduct was since there is no mention of them in the "Factual Claims" section of the Complaint. *See Falat*, 2013 WL 1163751, at *3. Without any individual allegation of a wrongful act by either Lemieux or MDA, nor any factual support for an alternate theory of liability, the proposed Amended Complaint does not state a plausible claim upon which relief can be granted against either of these defendants, and thus their inclusion in the Amended Complaint would be futile.

For this reason, Plaintiff will be permitted to amend the complaint to add proposed Counts 11, 12, 13, and 15. Proposed Count 14 will not be permitted. Plaintiff's request to add Lemieux and MDA as new defendants is denied based upon the Complaint as currently pled.

## CONCLUSION

For the foregoing reasons, Plaintiff's unopposed Motion is **GRANTED in part and DENIED in part** without prejudice. The Motion is granted with respect to Counts 11, 12, 13, and 15. The Motion is denied with respect to Count 14 and the addition of Lemieux and MDA, without prejudice.

                                            */s/ Stacey D. Adams*
                                            Hon. Stacey D. Adams
                                            United States Magistrate Judge

Orig: Clerk
cc: Parties
      Hon. Michael E. Farbiarz, U.S.D.J.